BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COSMOTRADE EXPORTS S.A., <br><br> Plaintiff, <br><br> - against - <br><br> RULEWAVE LLC (DUBAI) a/k/a RULEWAVE LLC, <br><br> Defendant. | 07 CV 9377 (RWS) |

**VERIFIED ANSWER AND COUNTERCLAIM UNDER ADMIRALTY RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant RULEWAVE LLC (DUBAI) a/k/a RULEWAVE LLC ("RULEWAVE") answers the Rule B complaint of COSMOTRADE EXPORTS S.A ("COSMOTRADE" or "Plaintiff") and states as follows upon information and belief:

1. Admits the allegations in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

900200.00001/6601149v.1

3. Admits the allegations in Paragraph 3 of the Complaint.

4. Denies the allegations in Paragraph 4 of the Complaint.

5. Admits the allegations in Paragraph 5 of the Complaint.

6. Denies the allegations in Paragraph 6 of the Complaint.

7. Denies the allegations in Paragraph 7 of the Complaint.

8. Denies the allegations in Paragraph 8 of the Complaint.

9. Denies the allegations in Paragraph 9 of the Complaint.

10. Denies the allegation in Paragraph 10 of the Complaint..

11. Paragraph 11 is a legal conclusion that Defendant is not obliged to answer or deny but denies the allegations and claims therein.

12. Paragraph 12 is a legal conclusion which Defendant is not obliged to answer but, as to alleged interest calculations such allegations are denied.

13. Paragraph 13 is a legal conclusion which Defendant is not obliged to answer but, as to alleged interest calculations such allegations are denied.

14. Denies the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 is a legal conclusion which Defendant is not obliged to answer but, as to alleged interest calculations such allegations are denied.

16. Paragraph 16 is a legal conclusion which Defendant is not obliged to answer but, as to alleged interest calculations such allegations are denied.

900200.00001/6601149v.1

## AFFIRMATIVE DEFENSES

### FIRST

1. The Court lacks personal jurisdiction over Defendant which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

### SECOND

2. The Complaint fails to state a cause of action upon which relief may be granted.

### THIRD

3. The Complaint must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of the Arbitration.

### AS AND FOR A COUNTERCLAIM UNDER SUPPLEMENTAL RULE E(7)

4. Rulewave is also entitled to an award of counter-security for its legal fees and costs in the asserted arbitration in the same amount as claimed by Plaintiff of $75,000.

5. Rulewave is therefore entitled to counter-security pursuant to Supplemental Rule E(7) in the sum of at least $75,000.

6. Rulewave reserves its rights to alter and amend its counterclaims to seek further and additional security from Plaintiff and others that may be liable.

WHEREFORE Rulewave respectfully prays that an order be entered directing Plaintiff post countersecurity in a form acceptable to the Court in the sum of $75,000, or

such other amount as the Court may determine pursuant to Supplemental Rule E(7) and provide such other relief, as may be fair and equitable.

Date: New York, New York
      January 2, 2008

>Respectfully submitted,
>
>BLANK ROME LLP
>
>By: _____
>Jeremy J.O. Harwood
>405 Lexington Avenue
>New York, New York 10174
>(212) 885-5000
>
>*Attorneys for Defendant*

900200.00001/6601149v.1