BLANK ROME LLP
Attorneys for Intervenors
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY  10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COSMOTRADE EXPORTS S.A.,<br><br>                Plaintiff,<br><br>     - against -<br><br>RULEWAVE LLC (DUBAI) a/k/a<br>RULEWAVE LLC,<br><br>                Defendant. | 07 CV 9377 (RWS) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ORDER OF MARITIME ATTACHMENT AND GARNISHMENT OBTAINED UNDER SUPPLEMENTAL RULE B OF THE SUPPLEMENTAL RULES OF F. R. CIV. P. FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS

*Jeremy J.O. Harwood*
*Blank Rome LLP*
*The Chrysler Building*
*405 Lexington Avenue*
*New York, NY 10174*
*(212) 885-5000*

128954.00601/6623472v.1

# TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

THE BASIC FACTS.........................................................................................................1

ARGUMENT.....................................................................................................................2

POINT I

PLAINTIFF CARRIES THE BURDEN TO SHOW WHY THE ATTACHMENTS SHOULD
BE MAINTAINED; OTHERWISE THE COURT IS  REQUIRED TO VACATE THE
ATTACHMENTS................................................................................................................2

POINT II

THE VERIFIED COMPLAINT FAILS TO ALLEGE  ANY FACTS TO SUPPORT AN ALTER
EGO CLAIM UNDER FEDERAL COMMON LAW ...................................................3

CONCLUSION....................................................................................................................7

128954.00601/6623472v.1

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Aqua Stoli Shipping Ltd. v Gardner Smith Pty. Ltd.*, 460 F.3d 434 (2d Cir. 2006)............2

*Dolco Investment, Ltd. v. Moonriver Development, Ltd.*, 486 F. Supp. 2d 261
    (S.D.N.Y. 2007).......................................................................................................3, 4, 5

*Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003)............................................................3

*Dow Chemical Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329 (2d Cir. 1986).............3

*EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508 (S.D.N.Y.
    2005) ....................................................................................................................4

*Frank v. US. West, Inc.*, 3 F.3d 1357 (10th Cir. 1993) .........................................................3

*Freeman v. Complex Computing Co.*, 119 F.3d 1044 (2d Cir. 1997)..................................5

*In re Holborn Oil Trading Ltd.*, 774 F. Supp. 840 (S.D.N.Y. 1991) ...................................5

*MAG Portfolio Consultant, GMBH v. Merlin Biomed Group, LLC*, 268 F.3d 58
    (2d Cir. 2001)...........................................................................................................5

*Murray v. Miner*, 74 F.3d 402 (2d Cir. 1996)....................................................................3

*P.R. Ports Authority v. BARGE KATY-B*, 427 F.3d 93 (1st Cir. 2005) ...............................4

*Salazar v. THE ATLANTIC SUN*, 881 F.2d 73 (3d Cir. 1989) ...........................................2

*Seaplus Line Co. v. Bulkhandling Handymax*, 409 F. Supp. 2d 316 (S.D.N.Y.
    2005) ....................................................................................................................2

*Wajilam Exports Pte. Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275 (S.D.N.Y.
    2006) ....................................................................................................................5

### UNREPORTED DECISIONS

*Brave Bulk Transport Ltd. v. Spot On Shipping Ltd.*, No. 07 Civ. 4546 (CM),
    2007 WL 3255823 (S.D.N.Y. Oct. 30, 2007)................................................6

*Fresco Ocean Mgmt., Ltd. v. High Seas Shipping Ltd.*, No. 06 Civ. 1055 (NRB),
    2007 WL7661 (S.D.N.Y. Mar. 12, 2007) ....................................................6

*Scheidemann v. Qatar Football, Ass'n,* No. 04 Civ. 3432 (LAP), 2008 WL
  144846 (S.D.N.Y. Jan. 15, 2008)................................................................................3

*Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1979 (KMW), 2006
  WL 4459297 ..................................................................................................6

128954.00601/6623472v.1

## INTRODUCTION

Intervenors Rulewave B.V., Rulewave Inc. and Rulewave (UK) Ltd. (collectively "Intervenors") respectfully submit this memorandum of law in support of their motion to vacate the order of maritime attachment and garnishment dated October 30, 2007 obtained under Supplemental Rule B of the Supplemental Rules of F. R. Civ. P. for Certain Admiralty And Maritime Claims ("Supplemental Rules") as it relates to their property attached.

## THE BASIC FACTS

The facts are stated in the accompanying declarations of the Intervenor's directors all dated March 14, 2008. As each Intervenor avers, they are separate legal corporations form defendant and do not, inter alia, share or co-mingle accounts with Defendant. Each intervenor observes corporate formalities. Nevertheless, Plaintiff has attached electronic fund transfers belonging to each Intervenor. When Intervenors pointed out that they were separate corporations and not named defendants Plaintiff's counsel has responded that, until Intervenors demonstrate otherwise, they will be treated as acting, inter alia, as a "single economic unit" with Defendant. See, e.g., Harwood Aff. Ex. 2.

Accordingly, Plaintiff has wrongfully attached the sum of $73,040 and continues to seek to attach EFTs belonging to Intervenors and other parties with a "Rulewave" name, irrespective of their relationship with Defendant.

1

## ARGUMENT

### POINT I

### PLAINTIFF CARRIES THE BURDEN TO SHOW WHY THE ATTACHMENTS SHOULD BE MAINTAINED; OTHERWISE THE COURT IS REQUIRED TO VACATE THE ATTACHMENTS

An order of maritime attachment and garnishment pursuant to Rule B is typically issued upon a minimal prima facie showing, usually made ex parte. See, e.g., Seaplus Line Co. v. Bulkhandling Handymax, 409 F. Supp.2d 316 (S.D.N.Y. 2005). Once property has been restrained:

> Any person claiming an interest in it shall be entitled to a prompt hearing at which *the plaintiff shall **be required to show why the arrest or attachment should not be vacated*** or other relief granted consistent with these rules.

Rule E(4)(f) (emphasis supplied).

The Second Circuit has found that Rule E(4)(f) is clear and the burden is on the plaintiff to show the attachment "was properly ordered and complied with the requirements of Rules B and E." Aqua Stoli Shipping Ltd. v Gardner Smith Pty. Ltd., 460 F.3d 434, 445 n.5 (2d Cir. 2006).[1] Rule E does not specify what form the post-attachment hearing must follow and the nature and scope of the hearing depends entirely upon the issues in controversy. Salazar v. THE ATLANTIC SUN, 881 F.2d 73, 79 (3d Cir. 1989).

---

[1] To the extent the attachment is to be vacated on an equitable ground, however, the burden is on the defendant to establish any equitable grounds for vacatur. Id.

Accordingly, the burden is now on Plaintiff to establish why the attachments in respect of separate corporations in the "Rulewave Group" should be maintained. Plaintiff must carry its burden, failing which the attachments should be vacated.

**POINT II**

**THE VERIFIED COMPLAINT FAILS TO ALLEGE
ANY FACTS TO SUPPORT AN ALTER EGO
CLAIM UNDER FEDERAL COMMON LAW**

"Veil-piercing is the 'rare exception,' applied only in exceptional circumstances." Scheidemann v. Qatar Football, Ass'n, No. 04 Civ. 3432 (LAP), 2008 WL 144846, at *5 (S.D.N.Y. Jan. 15, 2008) (citing Dole Food Co. v. Patrickson, 538 U.S. 468, 475 (2003)). "Under the doctrine of limited liability, a corporate entity is liable for the acts of a separate related entity only under extraordinary circumstances, commonly referred to as piercing the corporate veil." Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996) (citing Frank v. US. West, Inc., 3 F.3d 1357, 1362 & n.2 (10th Cir. 1993); see also Dolco Inv., Ltd. v. Moonriver Dev., Ltd., 486 F. Supp. 2d 261, 271 (S.D.N.Y. 2007) (quoting Murray).

Federal common law governs the issue of piercing the corporate view in admiralty actions, and, thus whether RBD has stated a claim against Troms Offshore. See, e.g., Dow Chem. Pac. Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 342 (2d Cir. 1986) (citations omitted); Dolco, 486 F. Supp. 2d at 271 (citation omitted). Under federal common law, piercing the corporate veil is appropriate in two circumstances:

> The individual [or corporate parent] must have used the corporate entity to "perpetrate a fraud or have so dominated and disregarded" the corporate entity's form that the entity

3

> "primarily transacted [the individual's] [or parent's] personal
> business rather than its own corporate business."

Rascator Mar., 782 F.2d at 342 (citations omitted); see also Dolco, 486 F. Supp. 2d at 271. Thus, there are two distinct theories under which a maritime plaintiff may pierce the corporate veil; fraud and alter ego. See Dolco, 486 F. Supp. 2d at 271 (citations omitted).

When not based in fraud, "veil-piercing claims are generally subject to the pleading requirements imposed by Fed. R. Civ. P. 8(a), which requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 272 (quoting EED Holdings v. Palmer Johnson Acquisition Corp., 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (citation omitted)). Suits in admiralty, however, also are subject to Fed. R. Civ. P. Supp. Rule E(2)(a), which provides:

> In actions to which this rule is applicable the complaint shall
> state the circumstances from which the claim arises with such
> particularity that the defendant or claimant will be able,
> without moving for a more definite statement, to commence
> an investigation of the facts and to frame a responsive
> pleading.

Fed. R. Civ. P. Supp. Rule E(2)(a); see, e.g., Dolco, 486 F. Supp. 2d at 272.

"This heightened pleading standard is not some pettifogging technicality meant to trap the unwary, but, rather, a legal rule designed to counterbalance the unique and drastic remedies that are available in in rem admiralty proceedings." P.R. Ports Auth. v. BARGE KATY-B, 427 F.3d 93, 105 (1st Cir. 2005) (noting that "[o]rdinary notice pleading does not satisfy the stringencies of [the supplemental] rules"); accord Dolco, 486 F. Supp. 2d at 272.

4

Aside from fraud, a plaintiff can pierce a corporate veil by showing that a person or corporation exercises dominion and control over the alleged alter ego. See Dolco, 486 F. Supp. 2d at 271 (citation omitted). The Second Circuit has identified a number of factors that are relevant in evaluating alter ego claims:

> (1)     disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity; and (10) intermingling of property between the entities.

MAG Portfolio Consultant, GMBH v. Merlin Biomed Group, LLC, 268 F.3d 58, 63 (2d Cir. 2001) (quoting Freeman v. Complex Computing Co., 119 F.3d 1044, 1053 (2d Cir. 1997).

The Court applied exactly these considerations in Dolco Investment, Ltd. et al. v. Moonriver Development Ltd. et al., 486 F. Supp.2d 261, 271-72 (S.D.N.Y. 2007) in considering the "elements necessary to state a claim for alter ego liability." The Court held that plaintiff "Dolco fails to meet this burden because it has not included any factual allegations that GML exercised complete domination over Moonriver." Id. at 272. The attachment was released without a stay. See also Wajilam Exports Pte. Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275, 284-85 (S.D.N.Y. 2006) (same); In re Holborn Oil Trading Ltd., 774 F. Supp. 840, 844-45 (S.D.N.Y. 1991) (same).

5

First, and most obviously, Plaintiff's Complaint does not even include the phrase "alter ego." In <u>Tide Line</u> the court vacated an attachment that was based on overly general alter ego allegations. <u>Tide Line, Inc. v. Eastrade Commodities, Inc.</u>, No. 06 Civ. 1979 (KMW), 2006 WL 4459297, 2007 A.M.C. 252, 268 (S.D.N.Y. Aug. 15, 2006). Specifically, Judge Wood found that mere allegations that entity B was the "paying agent" for entity A, and the entity B had arranged for other non-parties to pay the debts of entity A, was insufficient to state an alter ego claim. <u>Tide Line</u>, 2007 A.M.C. at 268-69. Here, Intervenors are not even named, let alone as <u>alter egos</u>.

See also <u>Brave Bulk Transp. Ltd. v. Spot On Shipping Ltd.</u>, No. 07 Civ. 4546 (CM), 2007 WL 3255823, at *6 (S.D.N.Y. Oct. 30, 2007) (hereafter "<u>Brave Bulk II</u>"); <u>Fresco Ocean Mgmt., Ltd. v. High Seas Shipping Ltd.</u>, No. 06 Civ. 1055 (NRB), 2007 WL7661 15, at *3 (S.D.N.Y. Mar. 12, 2007) (noting the type of relevant proof under an alter ego reasonable grounds analysis).

6

## CONCLUSION

WHEREFORE, Intervenors respectfully requests that the attachment of their funds

be vacated and that Plaintiff be directed to cease and desist from any further attachment

of their property and for such other relief as is fair and equitable and as requested herein.

Date:    New York, New York
         March 14, 2008

                                Respectfully submitted,

                                BLANK ROME LLP

                        By:    _Jeremy Harwood._
                                Jeremy J.O. Harwood
                                405 Lexington Avenue
                                New York, New York 10174
                                (212) 885-5000
                                *Attorneys for Intervenors Rulewave B.V.*
                                *Rulewave Inc. and Rulewave (UK) Ltd.*

7